UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) No. 6:09-cr-00074-GFVT-CJS-1 |
| v. | ) **MEMORANDUM OPINION** |
| | ) **&** |
| KEVIN GREEN, | ) **ORDER** |
| Defendant. | ) |

*** *** *** ***

This matter is before the Court on Defendant Kevin Green's Motion for Compassionate Release pursuant to 18 U.S.C. § 3582(c)(1)(A), the First Step Act. [R. 101.] For the reasons that follow, Mr. Green's motion will be **DENIED**.

**I**

On June 30, 2010, this Court sentenced Mr. Green to 330 months of imprisonment and five years of supervised release after he pled guilty to armed bank robbery with assault and abduction of a bank employee in violation of 18 U.S.C. § 2113(a), (d), (e), and use of a firearm during a crime of violence in violation of 18 U.S.C. § 924(c). [R. 18.] On October 15, 2020, Mr. Green filed his first Motion for Compassionate Release. [R. 73.] Mr. Green argued that his motion should be analyzed under the "Other Reasons" catchall provision of U.S.S.G. § 1B1.13. *Id.* The Court denied Mr. Green's motion on January 7, 2021, stating that he had not provided extraordinary and compelling circumstances justifying release or satisfied the requisite § 3553 factors. [R. 85.]

On May 24, 2021, Mr. Green filed a second motion for compassionate release, arguing that the length of his sentence, in light of the First Step Act and revisions to the "stacking"

provision under which he was sentenced, constitutes an extraordinary and compelling circumstance meriting release. [R. 88.] In his second motion, Mr. Green analyzed the § 3553 factors, discussed his rehabilitation, and provided a release plan. *Id.* After considering Mr. Green's motion and the government's response, this Court denied Mr. Green's second compassionate release motion on November 2. [R. 92.]

Mr. Green filed a third motion for compassionate release on June 2, 2022. [R. 101 at 1.] The United States responded on June 21, and Mr. Green filed a reply. [R. 103; R. 107.]

## II

As an initial matter, the Court will address the exhaustion requirement, which is a mandatory prerequisite to a prisoner bringing a motion for compassionate release in district court. *See United States v. Alam*, 960 F.3d 831, 833 (6th Cir. 2020). Under the First Step Act, a compassionate release reduction must first be sought by the Bureau of Prisons. 18 U.S.C. § 3582(c)(1)(A). The First Step Act altered the compassionate release provision of 18 U.S.C. § 3582, allowing a defendant to move for such a reduction, whereas previously only the Bureau of Prisons could do so. Pub. L. No. 115-391, § 603(b)(1), 132 Stat. 5194. But a defendant must first demonstrate that he has "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A); *see also United States v. Ruffin*, 978 F.3d 1000, 1004 (6th Cir. 2020) ("defendants now may bring reduction-of-sentence motions on their own once they exhaust any administrative remedies or wait 30 days from the date they request relief from the Bureau of Prisons").

Here, the Government does not contest that Mr. Green has exhausted his administrative remedies. [R. 103.] Furthermore, the Court previously found that Mr. Green had exhausted his administrative remedies because Mr. Green requested compassionate release from the warden of his facility and did not receive a response within the requisite 30-day timeframe. [R. 101 at 3.] Because Mr. Green exhausted his administrative remedies, the Court will proceed to the merits of Mr. Green's motion.

**B**

Under the plain text of § 3582(c)(1)(A), compassionate release "is discretionary, not mandatory." *United States v. Jones*, 980 F.3d 1098, 1106 (6th Cir. 2020). In general, at the court's discretion, § 3582 allows for modification of a term of imprisonment if the following substantive requirements are met: (1) a finding that extraordinary and compelling reasons merit a reduction in sentence; (2) a finding that the reduction in sentence is consistent with applicable Sentencing Commission policy statements; and (3) a finding that applicable § 3553(a) factors support release. *Id.*

However, if a prisoner files a motion for compassionate release, as opposed to a motion brought by the Director of the Bureau of Prisons, "federal judges may skip step two of the § 3582(c)(1)(A) inquiry." *Id.* at 1111; *see also United States v. Elias*, 984 F.3d 516, 519 (6th Cir. 2021) ("[Section] 1B1.13 is not an applicable policy statement for compassionate-release motions brought directly by inmates"); *United States v. Hampton*, 985 F.3d 530, 531 (6th Cir. 2021) (finding evaluation of the § 1B1.13 policy statement is "no longer a requirement courts must address in ruling on defendant-filed motions"). This means that in motions for compassionate release brought by prisoners, once extraordinary and compelling reasons meriting a reduction in sentence have been found, the court can skip straight to analyzing the applicable §

3

3553(a) factors. *See Jones*, 980 F.3d at 1106. In the first step, in determining whether extraordinary and compelling reasons exist to merit a sentence reduction, district courts have wide latitude. *See Jones*, 980 F.3d at 1109 ("Until the Sentencing Commission updates § 1B1.13 to reflect the First Step Act, district courts have full discretion in the interim to determine whether an 'extraordinary and compelling' reason justifies compassionate release when an imprisoned person files a § 3582(c)(1)(A) motion.").

### 1

In his third motion, Mr. Green largely raises the same arguments as he did in his previous motion, which the Court denied. [R. 92.] Despite the similarities between the two motions, Mr. Green contends that developing jurisprudence validates his third motion and warrants additional consideration. [R. 101 at 5.] In this motion, Mr. Green again focuses on the stacking provision of the First Step Act. [R. 101.] However, as the Court previously held, the First Step Act does not apply retroactively. [R. 92 at 4.] Although Mr. Green acknowledges this, he contends that other courts have found that significant sentencing disparities constitute an extraordinary and compelling reason justifying release. For example, Mr. Green cites other district court decisions that have held that the non-retroactivity component of § 924(c) does not bar a court from finding an extraordinary and compelling reason upon which the Court could grant a Motion for Compassionate Release. *Id.* at 6–9; *see, e.g.*, *United States v. Redd*, 444 F. Supp. 3d 717 (E.D. Va. 2020) (finding "gross disparity between the sentence Mr. Redd received and the sentence he would have received after the First Step Act" to constitute extraordinary and compelling reasons warranting a sentence reduction); *United States v. Urkevich*, 2019 WL 6037391, at *4 (D. Neb. Nov. 14, 2019) (same).

However, the courts Mr. Green relies upon that have issued these decisions do not bind this Court.  Furthermore, the Sixth Circuit has explicitly held that "the non-retroactive statutory reforms in the First Step Act of 2018—as a matter of law—cannot be used to find extraordinary and compelling reasons for a sentence reduction under § 3582(c)(1)(A)(i)."  *United States v. Hunter*, 12 F.4th 555, 563 (6th Cir. 2021); *see also United States v. Jarvis*, 999 F.3d 442, 443–44 (6th Cir. 2021); *United States v. Tomes*, 990 F.3d 500, 505 (6th Cir. 2021).  In subsequent cases, district courts within the Sixth Circuit have followed and applied the Sixth Circuit's reasoning to § 403 of the First Step Act, which addresses "stacking" and is the section at issue in this case.  *See, e.g.*, *United States v. Gough*, 2021 WL 4699086, at *6 (W.D. Ky. Oct. 7, 2021); *United States v. Hopper*, 2021 WL 17011392, at *1 (E.D. Ky. Apr. 29, 2021).

Furthermore, as the Court noted in its previous order, "in federal sentencing the ordinary practice is to apply new penalties to defendants not yet sentenced, while withholding that change from defendants already sentenced."  *United States v. Wills*, 997 F.3d 685, 688 (6th Cir. 2021) (citing *Dorsey v. United States*, 567 U.S. 260, 280 (2012)).  Ultimately, the First Step Act is not retroactive and to find otherwise would contravene Sixth Circuit precedent.  Accordingly, this claim fails.

**2**

Mr. Green does raise one additional argument in support of his motion, which was not included in his first or second compassionate release motions.  In addition to his stacking and disparate sentencing arguments, Mr. Green also compiled health records and health-related materials and attached them to his motion. [R. 101-1.]  Specifically, Mr. Green included a summary of research conducted regarding the effects of the Covid-19 vaccine on the immune system, a BMI calculator indicating Mr. Green's BMI, and medical records showing that Mr.

Green has a respiratory disorder. *Id.* Although, in its response, the Government notes that Mr. Green did not provide any argument or explanation for the documents, Mr. Green was granted leave to file a reply to the United States. [R. 107.] Mr. Green's reply was filed on July 28. *Id.*

First, Mr. Green includes what appears to be an abstract of an article, summarizing research conducted regarding the effects of the Covid-19 vaccine on recipients' immune system. [R. 101-1.] However, without context, the Court does not find this single study about the vaccine's potential consequences to be persuasive. Since the release of the vaccine, Covid-19 rarely constitutes an extraordinary and compelling reason which would justify granting a motion for compassionate release. *See United States v. McKinnie*, 24 F. 4th 583, 588 (6th Cir. 2022) ("[A]bsent extraordinary extenuating circumstances not present here," Covid-19 does not constitute an extraordinary or compelling reason).

Furthermore, in its answer, the Government included Mr. Green's Covid-19-related medical records, showing that Mr. Green has received two doses of the Pfizer Covid-19 vaccine. [R. 104-2 at 1.] Therefore, Mr. Green's Covid-19 argument lacks merit. *See United States v. Lemons*, 15 F. 4th 747, 751 (6th Cir. 2021) (finding access to Covid-19 vaccine "substantially undermines" a request for compassionate release); *United States v. Traylor*, 16 F. 4th 485, 487 (6th Cir. 2021) (finding a lack of extraordinary and compelling circumstances notwithstanding the "serious nature of [defendant's] medical conditions" because defendant had "received both doses of the Pfizer vaccine").

Finally, Mr. Green includes records indicating obesity and a respiratory disorder.[1] [R. 101-1.] The Court declines to find either of these conditions extraordinary and compelling in

---

[1] In his reply, Mr. Green provides additional context for the medical records he included in this third motion. [R. 107.] Mr. Green alleges that his respiratory conditions do not result from Covid-19, rather they stem from his time working in mining. *Id.* Although the Court acknowledges the seriousness of respiratory-related illnesses, Mr. Green is incarcerated at FMC Lexington where he can receive proper treatment and care. Consequently, the Court does not

light of Mr. Green's vaccination status. *See McKinnie*, 23 F.4th at 588 (finding that obesity does not constitute an extraordinary and compelling reason); *see also Traylor*, 16 F. 4th at 487.

The Court also notes that Mr. Green is currently incarcerated at Federal Medical Center (FMC) Lexington. [R. 101 at 2.] If Mr. Green needs additional medical care to address his health concerns, his placement at a federal medical center allows him to receive the medical care that he needs. As a result, the Court does not find Mr. Green's health conditions to constitute an extraordinary and compelling reason warranting compassionate release. Because the Court finds that Mr. Green has not demonstrated extraordinary and compelling circumstances justifying relief, it need not address the § 3553(a) factors. *United States v. Westmoreland*, 858 F. App'x 181, 185 (6th Cir. 2021) (citing *Tomes*, 990 F.3d at 502; *see also United States v. Turner*, 2021 WL 244796, at *3 (W.D. Ky. Jan. 25, 2021) ("Due to [the defendant] not showing extraordinary and compelling reasons, the Court need not address the 3553(a) sentencing factors.")

### III

Accordingly, and the Court being sufficiently advised, it is hereby **ORDERED** as follows:

1. Mr. Green's Motion for Compassionate Release **[R. 101]** is **DENIED**; and
2. The United States' Motion for Leave to Seal a Document **[R. 104]** is **GRANTED**.

   This is the 10th day of August, 2022.

---

find these illnesses standing alone to constitute an extraordinary or compelling reason justifying release. This is particularly true given that the medical documents Mr. Green filed with the Court demonstrate that he is receiving medical care for the conditions discussed. [R. 107-1.]

Gregory F. Van Tatenhove
United States District Judge